1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   chaes@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10 | In re                                          | Case No. 8:17-bk-12832-CB
11 | MAGGIE LIU,                                     |
   |                                                 | Chapter 7
12 |                        Debtor.                  |
   |                                                 | Adv. No.
13 | ─────────────────────────────                    |
14 | RICHARD A. MARSHACK, Chapter 7 Trustee,         | COMPLAINT FOR:
15 |                        Plaintiff,               | (1) AVOIDANCE, RECOVERY, AND
   | v.                                              | PRESERVATION OF CONSTRUCTIVE
   |                                                 | FRAUDULENT TRANSFER; AND
16 | ALICE LIU, CHRISTIAN LIU.                        | (2) AVOIDANCE, RECOVERY, AND
   |                                                 | PRESERVATION OF ACTUAL
17 |                        Defendants.              | FRAUDULENT TRANSFER
18 |                                                 | [11 U.S.C. §§ 544, 548, 550, and 551;
   |                                                 | Cal. Civ. Code §§ 3439.04, 3439.05]
19

20 TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT

21 JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

22 PARTIES:

23        Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the

24 Bankruptcy Estate ("Estate") of Maggie Liu ("Debtor"), files this Complaint against CHRISTIAN

25 LIU ("Christian") and ALICE LIU ("Alice") (collectively, "Defendants") and alleges as follows:

26                              **Parties**

27        1.      On July 17, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the

28 United States Code.

                                        1

2.      Plaintiff and Chapter 7 Trustee Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee of the above-entitled Estate under 11 U.S.C. § 702.

3.      Alice Liu, is Debtor's daughter, whose domicile is currently unknown by Trustee.

4.      Christian Liu, is Debtor's daughter, whose domicile is currently unknown by Trustee.

## Statement of Jurisdiction and Venue

5.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (H) (proceedings to determine, avoid, or recover fraudulent conveyances); and (O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any claim for relief in this complaint is determined to be a *Stern*-claim or not to be a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

6.      This adversary proceeding alleges claims for relief pursuant to 11 U.S.C. §§ 544, 548, 550, and 551; Cal. Civ. Code §§ 3439.04, 3439.05.

7.      Plaintiff, as the Chapter 7 Trustee of Debtor's Estate, is the sole and exclusive party with standing to bring this action pursuant to 11 U.S.C. § 323.

8.      This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 in that this civil proceeding arises in, arises under, and relates to the bankruptcy cases pending in the United States Court for the Central District of California, Santa Ana Division, entitled *In re Maggie Liu* under assigned Case No. 8:17-bk-12832-CB.

9.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

## General Allegations

10.      On July 17, 2017, Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code ("Petition Date")

11.      During the course of this case, Plaintiff has obtained documents, including bank statements and check copies, evidencing transfers made by Debtor to Defendants ("Documents").

12.    Based on the Documents, Plaintiff alleges that Defendants received transfers ("Transfers") from Debtor in the minimum amount of $42,752.16 that may be related to their college education and costs.

13.    Plaintiff alleges that the Transfers to Alice total at least $33,500 and the Transfers to Christian total at least $9,252.16.

14.    Plaintiff alleges that the Estate may have further claims against the Defendants including claims pursuant to Chapter 5 of Title 11 of the United States Code to avoid and recover prepetition transfers of assets by Debtor.

<u>FIRST CLAIM FOR RELIEF</u>

(Avoidance of Intentional Fraudulent Transfer)

[11 U.S.C. §§ 544, 548(a)(1)(A); Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq.*]

15.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16.    During the four-year period prior to the Petition Date, Plaintiff alleges that Debtor made Transfers of interests in property to Defendants totaling not less than $42,752.16, with actual intent to hinder, delay, or defraud creditors to which she was indebted at the time of the Transfers or to which she became indebted after the date of such transfer. These Transfers are referred to as the "Actual Fraudulent Transfers."

17.    Debtor did not receive reasonably equivalent value in exchange for each of the Actual Fraudulent Transfers.

18.    Debtor was insolvent on the date of each of the Actual Fraudulent Transfers or became insolvent as a result of each of the Actual Fraudulent Transfers.

19.    Plaintiff may avoid the Actual Fraudulent transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code ("Civil Code") § 3439.04(a)(1) et seq.; and (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A).

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER
4823-2176-1949, v. 1/1015-106

<u>SECOND CLAIM FOR RELIEF</u>

(For Avoidance and Recovery of Constructively Fraudulent Transfer)

[11 U.S.C. §§ 544, 548(a)(1)(B); Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq*]

20.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

21.    During the four-year period prior to the Petition Date, Plaintiff alleges that Debtor made Transfers of interests in property to Defendants totaling not less than $42,752.16, for less than reasonably equivalent value, and while insolvent. These transfers are referred to as the "Constructive Fraudulent Transfers."

22.    The Debtor was insolvent on the date of each Constructive Fraudulent Transfer or became insolvent as a result of each Constructive Fraudulent Transfer, including:

a) Debtor was insolvent on the date that each Constructive Fraudulent Transfer was made, or became insolvent as a result of each Constructive Fraudulent Transfer;

b) At the time of each Constructive Fraudulent Transfer, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

c) Debtor intended to incur, or believed that she would incur, debts that would be beyond her ability to pay as such debts matured.

23.    Plaintiff may avoid each Constructive Fraudulent Transfer pursuant to 11 U.S.C. §§ 548(a) and 544(a) and Civil Code § 3439(a)(2)(A), (a)(2)(B), 3439.05, et seq.

<u>THIRD CLAIM FOR RELIEF</u>

(Recovery and Preservation of Avoided Intentional Transfer, Constructive Fraudulent Transfer, and Unperfected Lien)

[11 U.S.C. §§ 550 and 551]

24.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 14, 16-19, and 21-23, inclusive, as though fully set forth herein.

25.    Plaintiff may recover all avoided Transfers pursuant to 11 U.S.C. § 550.

26.  Plaintiff may preserve all avoided Transfers for the benefit of the bankruptcy Estate pursuant to 11 U.S.C. § 551.

### PRAYER

WHEREFORE, Plaintiff prays that this Court enter a judgment for Plaintiff and against Defendants on this Complaint as follows:

### ON THE FIRST CLAIM FOR RELIEF

1.  That each Actual Fraudulent Transfer be avoided pursuant to 11 U.S.C. § 548(a)(1)(A) and Cal. Civ. Code § 3439.04(a)(1) *et seq*;

### ON THE SECOND CLAIM FOR RELIEF

2.  That each Constructive Fraudulent Transfer be avoided pursuant to 11 U.S.C. § 548(a)(1)(A) and Cal. Civ. Code §§ 3439.04 (a)(2)(A) and (a)(2)(B), 3439.05, *et seq*.

### ON THE THIRD CLAIM FOR RELIEF

3.  Plaintiff recover all avoided Transfers or obtain a money judgment in an amount equal to the sum of all avoided Transfers pursuant to 11 U.S.C. § 550. In the event of a default, the minimum amount of the judgment against Alice should be $33,500 and the minimum amount of the judgment against Christian should be $9,252.16.

4.  That all avoided Transfers be preserved pursuant to 11 U.S.C. § 551;

### ON ALL CLAIMS FOR RELIEF

5.  For pre-judgment interest at the maximum rate allowed by law;

6.  For costs incurred by Plaintiff in prosecuting this action; and

7.  For such other further relief as the Court may deem just and proper.

Dated:  July 17, 2019

MARSHACK HAYS LLP

By: *D. Edward Hays*
 D. EDWARD HAYS
 LAILA MASUD
 Attorneys for Chapter 7 Trustee
 RICHARD A. MARSHACK

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFER
4823-2176-1949, v. 1/1015-106